UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLENE CURLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-117 |
| | § | |
| SEDGWICK CLAIMS MANAGEMENT | § | |
| SERVICES, INC. PLAN ADMINISTRATOR | § | |
| OF THE HEWLETT-PACKARD COMPANY | § | |
| DISABILITY PLAN, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Charlene Curley's ("Curley") Motion for New Trial Doc. 28. The Court previously denied Curley's amended motion for summary judgment and granted Sedgwick's motion for summary judgment. Doc. 26. Upon review and consideration of Curley's motion, the relevant legal authorities, and for the reasons explained below, the Court finds that the motion for new trial should be denied.

To prevail on a motion for a new trial under Rule 60(b), Curley must demonstrate she is entitled to relief from the judgment due to: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) [that] the judgment is void; (5) [or] the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court enjoys considerable discretion when determining whether the movant has satisfied these standards. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Curley argues for a new trial under Rule 60(b)(1), arguing that this Court committed a manifest error of law when it applied the "abuse of discretion" standard to evaluate Sedgwick's

decision to deny Curley's long-term disability benefits. Doc. 28 at 6–9. Curley asserts that Sedgwick is a conflicted plan administrator and that the Court therefore should have reviewed Sedgwick's denial *de novo*. *Id.* at 7–8. The issue of whether Sedgwick is a conflicted plan administrator was fully briefed and ruled on previously. Having found that Sedgwick was not a conflicted plan administrator, the Court did not commit a manifest error when it applied the "abuse of discretion standard" to Sedgwick's decision to deny Curley disability benefits.

Accordingly, because Curley has not met the requirements for relief from the Court's prior order set forth by Fed. R. Civ. P. 60, the Court hereby

**ORDERS** that Plaintiff Charlene Curley's Motion for New Trial (Doc. 28) is **DENIED**.

SIGNED at Houston, Texas, this 4th day of October, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE